Rayminh L. Ngo, Esq.,
SDNY #rn4834
HIGBEE & ASSOCIATES (Of Counsel)
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
rngo@higbeeassociates.com

*Attorney for Plaintiff,*
CHRISTOPHER SADOWSKI,

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER SADOWSKI, | Case No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FROM COPYRIGHT INFRINGEMENT** |
| RICHARD GOTTLIEB & ASSOCIATES, LLC, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Christopher Sadowski, for his Complaint against Richard Gottlieb & Associates, LLC Defendant, alleges as follows

### INTRODUCTION

1.      Christopher Sadowski (hereinafter "Plaintiff"), by counsel, brings this action to challenge the actions of Richard Gottlieb & Associates, LLC, (hereinafter "Defendant"), with regard to the unlawful use of Plaintiff's copyrighted image (hereinafter "Image") owned by Plaintiff, and this conduct

caused Plaintiff damages.  This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

2.    For the purposes of this Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendant named in this caption.

## JURISDICTION AND VENUE

3.    This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, whereby the Defendant violated Plaintiff's exclusive rights as copyright owner pursuant to 17 U.S.C. §§ 106 and 106A.

4.    This Court has personal jurisdiction over Defendant because Defendant is a corporation with its principle place of business within the State of New York, Defendant's acts of infringement complained of herein occurred in the State of New York, and Defendant caused injury to Plaintiff in his intellectual property within the State of New York.

5.    Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claim occurred in this judicial district. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant committed the acts of infringement, and has a regular and established place of business in this judicial district.

2

**PARTIES**

6.     Plaintiff is a natural person residing in the City of Hawthorne in the State of New Jersey.

7.     Plaintiff is a "copyright owner" who holds "exclusive rights" to his "copyrighted work[s]" pursuant to 17 U.S.C. §§ 101, 106, 106A.

8.     Plaintiff is informed and believes, and thereon alleges, that Defendant, is a corporation that has its principle place of business in the City of New York, in the State of New York, and conducted business within the City of New York, in the State of New York.

**FACTUAL ALLEGATIONS**

9.      At all times relevant, Plaintiff was an individual residing in the City of Hawthorne, in the State of New Jersey.

10.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant was a corporation conducting business at 1755 York Ave #12G, New York, New York, 10128.

11.     Plaintiff is a professional photographer by trade. Plaintiff is regularly contracted to take photographs for organizations such as the New York Post. His photographs appear in numerous news publications, magazines, books, television programs and other media. He sells or licenses photography to people and companies seeking to make use of the photographs for editorials, advertisements and pecuniary gain. Plaintiff's livelihood is dependent on receiving compensation for the photographs he produces.

12.    Plaintiff took the Original Image. *See* Original Image, attached hereto as Exhibit A.

13.    Plaintiff has ownership and copyright of the Image.

14.    Plaintiff has registered the Image with the United States Copyright Office under Registration Number VA 1-968-140.

15.    Plaintiff has provided notice to Defendant that the Image is subject to copyright and to cease use of the Image.

16.    Plaintiff did not consent to authorize, permit, or allow in any manner the use of the Image by Defendant.

17.    Plaintiff is informed and believes that Defendant used the Image on its business website (http://globaltoynews.com/) from as early as October 9, 2016 until about December 28, 2016. *See* Screenshots of Defendant's use, attached hereto as Exhibit B.

18.    Plaintiff is informed and believes that Defendant used Plaintiff's copyrighted works without his permission and published, communicated, benefited through, posted, publicized and otherwise held out to the public for commercial benefit, the original and unique work of Plaintiff without Plaintiff's consent or authority, and acquired monetary gain and market benefit as a result.

19.    Defendant used the Image to promote Defendant's business.

//

//

20.     On information and belief, Defendant knew that it did not possess any rights in the Image and that its use of the Image was unauthorized.

21.     On information and belief, Defendant's use of the Image was deliberate and willful.

22.     Plaintiff did not consent to the use of his Image for commercial gain.

//

//

///

///

//

//

//

//

//

//

//

//

//

//

//

**FIRST CAUSE OF ACTION**

## COPYRIGHT INFRINGEMENT

### Title 17 of the United States Code

23.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.    Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original materials and/or work.

25.    Plaintiff is informed and believes and thereon alleges that said Defendant infringed upon Plaintiff's copyrighted works in violation of Title 17 of the U.S. Code, in that it published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique work of the Plaintiff's consent or authority and acquired monetary gain and market benefit as a result.

26.    As a result of each and every Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to actual damages and profits pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

27.    As a result of the Defendant's violations of Title 17 of the U.S. code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

28. Plaintiff is also entitled to injunctive relief to prevent or restrain

infringement of his copyright pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against

Defendant

- Awarding Plaintiff actual damages pursuant to 17 U.S.C. § 504(b) or statutory damages in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c);

- Awarding Plaintiff costs of litigation and reasonable attorney's fees, pursuant to 17 U.S.C. § 505;

- Enjoining the Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502; and

- Awarding any other relief the Court deems just and proper.

Dated: June 26, 2017                    Respectfully submitted,

/s/ Rayminh L. Ngo
Rayminh L. Ngo, Esq.
SDNY  #rn4834
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8349
(714) 597-6559 facsimile
rngo@higbeeassociates.com
*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Christopher Sadowski, hereby demands a trial by jury in the above matter.

Dated: June 26, 2017                    Respectfully submitted,

<u>/s/ Rayminh L. Ngo</u>
Rayminh L. Ngo, Esq.
SDNY  #rn4834
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8349
(714) 597-6559 facsimile
rngo@higbeeassociates.com
*Counsel for Plaintiff*